## 21267

The STATE, Respondent, v. Francis Alexander LEMACKS, Appellant.

(268 S. E. (2d) 285)

*Chief Atty. John L. Sweeny* and *Staff Atty. Vance J. Bettis, S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Russell D. Ghent,* Columbia, and *Sol Capers G. Barr, III,* Charleston, *for respondent.*

July 22, 1980.

LEWIS, Chief Justice:

Appellant was convicted of housebreaking and grand larceny. The State's evidence showed that he broke into the

victim's home and stole frozen foods from the victim's freezer. These frozen foods were subsequently found by the police in the locked trunk of appellant's unattended automobile while inventoring its contents preparatory to towing it to police headquarters as an abandoned vehicle. The admissibility of the evidence obtained by the officers in this inventory is the sole issue in this appeal. The material facts are not in dispute and we largely follow the narrative in the briefs.

Officer Wayne Sojourner of the Charleston Police Department testified that, at about 5:15 a. m. on July 19, 1978, during the course of his regular patrol in the Sandhurst Subdivision, he passed a white Toyota automobile which was jutting into the roadway, so much that he "had to veer around the automobile." Upon inspection, he found the car occupied by an individual, "slumped over the passenger side," appearing to be either unconscious or asleep, whom he knew as a neighbor and who told him upon inquiry, after being awakened, that he was awaiting the return of Frankie Lemacks, appellant herein, from a visit with his girl friend a short distance away. The officer knew appellant and his family. Observing that the occupant was "groggy," the officer reached into the car, turned off the ignition, removed the keys from the switch, and dropped the keys to the floorboard of the car. The officer then left, telling the occupant he would return shortly, and upon returning found the car abandoned and still in the road.

Thereafter, officer Sojourner, along wtih two (2) other police units called by him, searched for appellant and the former occupant for approximately thirty to forty-five minutes without success, and upon his return found the keys to the car still on the floorboard where he had earlier put them.

The officer testified that, because of the manner in which the automobile was parked, with its rear end jutting into the roadway, he believed it would impede the heavy flow of the morning traffic. In view of this fact, and since rush hour traffic was about to begin, the officer cited the automobile as

an abandoned vehicle and called a tow truck to have the vehicle towed to the City Police Department. After having called for a tow truck, the officer initiated an inventory of the vehicle's contents prior to having the vehicle towed to the police department. During the course of the inventory the trunk of the automobile was unlocked and a large quantity of frozen food was discovered. Upon discovering these items, the officer, for the first time became suspicious of some criminal activity and then summoned a police photographer to make photographs of the trunk's contents. After the photos had been snapped, the tow truck operator arrived and towed the vehicle to the Charleston City Police Department where impounded cars are kept.

At the outset of the trial, appellant moved to suppress all evidence obtained from appellant's automobile during the course of the inventory of its contents. After an evidentiary hearing, the trial judge denied the motion and permitted the introduction of the evidence. Appeal is from the ruling, presenting the single issue of whether the trial judge erred in denying appellant's motion to suppress evidence discovered in the course of the inventory of the contents of appellant's automobile. We affirm.

The contention of appellant is that the inventory in this case constituted an unreasonable search within the meaning of the Fourth Amendment to the United States Constitution and Article 1, Section 10, of the South Carolina Constitution.

It is undisputed that the intrusion by the officers into the locked trunk of appellant's automobile was solely for routine inventory purposes incident to its lawful impoundment and removal to police headquarters because its presence in the highway created a serious traffic hazard.

Whether a routine inventory search of an automobile may lawfully extend to the locked trunk of the vehicle depends upon the facts and circumstances of each case. *South Dakota v. Opperman,* 428 U. S. 364, 96 S. Ct. 3092, 49 L. Ed. (2d) 1000.

Appellant's vehicle was left unattended, with the keys in the ignition switch, and parked in such manner as to constitute a hazard to vehicular traffic. In so leaving his automobile, he should reasonably have foreseen that the police authorities would find it necessary, as they did, to remove the vehicle in order to eliminate its threat to public safety. By leaving the vehicle unattended with the keys readily available, appellant, in effect, left the trunk unlocked. Certainly, he, by so doing, asserted no constitutional right to privacy. Under the facts of this case, such exposure of his vehicle and its contents to the public constituted an abandonment for constitutional purposes and removed it from the protection of the Fourth Amendment to the Federal Constitution and Article 1, Section 10, of the South Carolina Constitution. *State v. Green,* 44 Or. App. 253, 605 P. (2d) 746.

In addition, the officers were justified in making a routine inventory of the vehicle in order to secure and protect the contents. The perishable nature of the frozen foods found by the officers demonstrates the propriety of the inventory of the trunk contents.

Judgment is affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.