### 2096

The STATE, Respondent v. Steve Henry MORRIS, Appellant.

(439 S.E. (2d) 291)

Court of Appeals

*Chief Attorney Daniel Daniel T. Stacey, South Carolina Office of Appellate Defense, Columbia, for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Atty Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. William Edgar Salter, III,* Columbia and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard Nov. 2, 1993

Decided Dec. 6, 1993.

GOOLSBY, Judge:

Steve Henry Morris was convicted of possession with intent to distribute crack cocaine and transportation of crack cocaine. Morris appeals the trial court's denial of his motion to suppress the crack cocaine. We affirm.

Morris argues the trial court erred in denying his motion to suppress the crack cocaine because there was no reasonable suspicion warranting his stop. We disagree.

Under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. (2d) 889 (1968), a police officer may stop and briefly detain a person for investigative purposes when the officer has a reasonable suspicion supported by articulable facts that the person is involved in a criminal activity. Additionally, under *Terry,* an officer may stop an automobile. *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed. (2d) 1201 (1983).

On June 1, 1991, Patrick Brooks informed Detective Davis that he had witnessed a kidnapping. Brooks named several suspects by their nicknames, one of whom was "Duck Booty." Thereafter, Detective Davis discussed the kidnapping with his fellow officers and discovered Morris' nickname is "Duck Booty."

During the evening roll call, Detective Davis reported the kidnapping information to the officers on duty, including the fact that Morris, a.k.a. "Duck Booty," was a possible suspect in the kidnapping and that he wanted to question Morris about the matter. Officer Bradley was present at the roll call and subsequently informed Officer Gosnell, who was not present at the roll call, of the kidnapping and the suspects. Further, Officer Bradley described to Officer Gosnell Morris' vehicle and personalized license plate, which reads "TRY THIS."

Around 4:00 a.m., June 2, 1992, Officer Gosnell saw a vehicle fitting the description of Morris' vehicle and bearing the phrase "TRY THIS" on its license plate. Officer Gosnell stopped the vehicle. At that time, no warrant had been issued for Morris' arrest.

Upon stopping, Morris voluntarily got out of his vehicle and left the driver's side door open. Officer Gosnell began questioning Morris regarding the kidnapping. A second police officer arrived on the scene soon after the stop. As the second officer questioned Morris, Officer Gosnell walked toward Morris' vehicle, looked through the open driver's side door, and noticed an open beer container on the vehicle floorboard. Officer Gosnell immediately arrested Morris for the container violation. During the ensuing inventory search of Morris' vehicle, Officer Gosnell discovered the crack cocaine that is the basis of Morris' conviction here.

Under these circumstances, we believe the kidnapping report disseminated to members of the police department was supported by a reasonable suspicion, based on specific and articulable facts. The information was obtained from an eyewitness to the kidnapping who voluntarily came forward to inform the police of the crime. Based upon this information, therefore, Officer Gosnell was justified in making "a brief stop to check [Morris'] identification, pose questions, and inform [Morris] that the . . . police wished to question him." *United States v. Hensley*, 469 U.S. 221, 234, 105 S.Ct. 675, 683, 83 L.Ed. (2d) 604, 616 (1985). Additionally, upon lawfully stopping Morris, the open container of alcohol in plain view gave Officer Gosnell probable cause to arrest Morris. *Id.* Consequently, the crack cocaine discovered during the resulting inventory search was not the product of an illegal stop and was admissible as evidence. *See State v. Lemacks*, 275 S.C. 181, 268 S.E. (2d) 285 (1980) (wherein the court recognized officers are justified in making a routine inventory of a vehicle to secure and protect the contents).

Affirmed.

HOWELL, C.J., and CURETON, J., concur.